UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER LOVE BLACKWELL                          PETITIONER

V.                                CIVIL ACTION NO. 3:24-CV-832-KHJ-MTP

WARDEN, FCI YAZOO, et al.                               RESPONDENTS

ORDER

Before the Court is pro se Petitioner Christopher Love Blackwell's [1, 6] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The Court dismisses this action without prejudice.

Blackwell is serving his federal sentence at the Federal Correctional Institution in Yazoo City, Mississippi. [6] at 1; *see also* Envelope [6-2] at 1. On December 23, 2024, Blackwell filed this habeas action, invoking Section 2241. [1]. He submits that the First Step Act and the Second Chance Act entitle him to serve the rest of his sentence in a Residential Reentry Center (RRC) or on home confinement, but the BOP allegedly has done nothing to effectuate a transfer. [6] at 2. More specifically, Blackwell alleges that he was supposed to go to an RRC on September 21, 2024. *See id.* He thus asks the Court to transfer him to an RRC or home confinement immediately. *Id.* at 6.

The Fifth Circuit has held that "a habeas petition is the proper vehicle to seek release from custody, while a civil rights suit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is the proper

vehicle to attack unconstitutional conditions of confinement and prison procedures" in federal prisons. *Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025) (per curiam) (cleaned up). "The bright-line rule [the Fifth Circuit] has adopted is that if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle is a civil rights suit." *Id.* (cleaned up).

"Here, the nature of [Blackwell's] requested relief is transfer to a halfway house or home confinement." *Id.* Because "neither form of relief would entitle him to accelerated release," Section 2241 "is not the proper vehicle." *Id.* Rather, "the relief he seeks is properly brought in a civil rights suit." *Id.* So the Court dismisses this habeas action without prejudice. *See id.*; *see also, e.g.*, *Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (per curiam) ("The district court correctly dismissed [a petitioner's Section 2241] claims without prejudice based on a determination that [the petitioner] must seek such remedies in a civil rights action.").

For the reasons stated, the Court DISMISSES this action without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Blackwell at his address of record.

SO ORDERED, this 12th day of May, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE